John D. KILMARTIN, Jr., et al., Plaintiffs,

v.

H.C. WAINWRIGHT & CO., et al., Defendants.

Civ. A. No. 82–3905–C.

United States District Court, D. Massachusetts.

Feb. 15, 1984.

representations which he made in support of his *Rule* 21(b) transfer motion.

Edward F. Haber, Charles W. Rankin, Boston, Mass., for plaintiffs.

Andrew J. McElaney, Jr., Nutter, McClennen & Fish, Boston, Mass., for defendants Chapin, Int'l Coal Mining Co., Int'l Coal Mgmt. Co. and Int'l Coal Co.

Robert T. Gill, James L. Polianites, Parker, Coulter, Daley & White, Boston, Mass., for defendants Rich, May, Bilodeau and Flaherty.

Thomas J. Urbelis, Withington, Cross, Park & Groden, Boston, Mass., for defendants H.C. Wainwright & Co., Robert L. Clark and Charles A. Garvin.

Duncan S. Payne, Peabody & Brown, Boston, Mass., for defendant Harvey White.

Jean M. Kelley, Morrison, Mahoney & Miller, Boston, Mass., for defendants William Griffin and Samuel Perkins.

## MEMORANDUM

CAFFREY, Chief Judge:

This is a civil action alleging violations of federal and state securities statutes, breach of contract and fiduciary duty, negligence and fraud. The case is before the Court on defendants' motions to dismiss.[1] Jurisdiction is claimed under 15 U.S.C. §§ 77v and 78aa and 28 U.S.C. § 1331. Jurisdiction over the state claims is predicated on the doctrine of pendent jurisdiction.

When considering a motion to dismiss, a court must take as admitted the material allegations of the complaint and must construe the complaint liberally in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969). The amended complaint in this case states the following factual basis for plaintiffs' claims. In December 1979, the defendant mining company issued a "Confidential Offering Memorandum." By this memorandum, defendants H.C. Wainwright & Co. (a partnership comprised of defendants Clark and Garvin), White, Chapin, Coal Company and Mining Company offered for sale limited partnership units in Long Run Coal Associates I

---

1. Four separate motions to dismiss have been filed in this case. The first motion was filed on August 8, 1983, by defendants H.C. Wainwright & Co., Clark, and Garvin. The second was filed on September 12, 1983, by defendants Chafin, Int'l Coal Mining Co., Int'l Coal Management Co., and Int'l Coal Company. The third was filed by defendant law firm Rich, May, Bilodeau & Flaherty on September 16, 1983. And, finally, defendant Griffin filed a motion to dismiss on October 27, 1983.

("Long Run"). Between December 1979 and February 1980, plaintiffs Kilmartin, Sinclair, Scher, Henderson, Talmage, Market, and International Packaging Corporation purchased limited partnership units in Long Run. In making these purchases, plaintiffs relied on the "honesty, accuracy and completeness of the [m]emorandum." In particular, plaintiffs relied on the statement in the memorandum that Long Run already had a buyer (defendant Coal Company) that had agreed to purchase from Long Run the projected output of the mine at a minimum price of $33 per ton. The memorandum failed to state, among other things: that the purchase agreement required that the coal mined by Long Run meet specific quality standards; that tests had shown Long Run coal to be substantially below the quality standards specified; and that coal similar to the sample tested would likely have to be sold at substantially less than $33 per ton.

Because of Long Run's inability to receive $33 per ton for the coal it produced, the inexperience of its management, its inadequate financial resources, and other problems, Long Run did not perform as projected and suffered losses. The reasons for and extent of Long Run's losses were withheld from the plaintiffs for approximately three years. When they discovered Long Run's poor financial condition, plaintiffs' initiated this lawsuit. Long Run has since ceased all mining operations and is currently insolvent.

Plaintiffs commenced this action on December 22, 1982, against defendants H.C. Wainwright & Co., Clark, Garvin, Chafin, White, Int'l Coal Mining Co., Int'l Coal Management Co., and Int'l Coal Company.[2] Plaintiffs amended their complaint on July 29, 1983, adding as defendants the law firm of Rich, May, Bilodeau and Flaherty ("Rich, May") and Attorney William Griffin, Jr. Griffin, a partner at Rich, May at the time of the securities transaction, had represented several of his fellow defendants relative to the creation and sale of the limited partnership units in Long Run. Plaintiffs now claim they were misled by the defendants and they seek to recover the amount of their investment, related business expenses, and interest.

*Fraudulent Concealment*

■ A number of plaintiffs' claims require a showing that defendants fraudulently concealed information from plaintiffs concerning Long Run. In particular, the sufficiency of plaintiffs' pleading of fraudulent concealment is relevant to defendants' assertion, discussed below, that certain of plaintiffs' claims are barred by the applicable statutes of limitations. Fraudulent concealment by a defendant tolls the statute of limitations until the plaintiff discovers the existence of facts giving rise to a cause of action. *Tomera v. Galt,* 511 F.2d 504, 510 (7th Cir.1975).

Defendants claim that the plaintiffs are not in compliance with the requirement of Fed.R.Civ.P. 9(b) that "in all averments of fraud … the circumstances constituting fraud … shall be stated with particularity." Rule 9 is generally interpreted so as to fulfil its major purpose: namely, to give the defendant adequate notice of the plaintiff's claim. It should also be read, however, in a manner consistent with Rule 8, which requires that averments in pleadings be clear, concise and direct. *McGinty v. Beranger Volkswagen, Inc.,* 633 F.2d 226 (1st Cir.1980).

There are at least two types of fraudulent behavior which will suspend the running of the statute of limitations:

In the first type, the most common, the fraud goes undiscovered even though the defendant after commission of the wrong does nothing to conceal it and the plaintiff has diligently inquired into its circumstances. The plaintiffs' due diligence is essential here. [Citations omitted]. In the second type, the fraud goes undiscovered because the defendant has taken positive steps after commission of the fraud to keep it concealed. [Citations omitted]. This type of fraudulent

---

**2.** An additional defendant, Alex Brown, was named in the original complaint, but was dis-- missed by stipulation of the parties on July 29, 1983.

concealment tolls the limitations period until actual discovery by the plaintiff. *Tomera v. Galt,* 511 F.2d at 510. *See, also, Robertson v. Seidman & Seidman,* 609 F.2d 583, 593 (2d Cir.1979).

■ Plaintiffs' amended complaint alleges the second type of fraudulent concealment with sufficient particularity. Plaintiffs outline in detail in paragraphs 16 and 19–28A the facts alleged to have been fraudulently concealed by defendants. Paragraph 17 alleges the manner in which defendants were able to keep the plaintiffs from learning of the concealed facts until as late as November 1982. And, in paragraph 18, plaintiffs list more than thirty documents dated from February 1980 to November 1982 by which defendants conveyed information and explanations allegedly intended to perpetuate the deception. Plaintiffs allege specifically that they discovered the misstatements and omissions in the memorandum after the last communication from defendants on November 10, 1982, and prior to the filing of this suit on December 22, 1982. Plaintiffs could have pleaded the time and circumstances of their discovery of the concealed facts with more particularity. But the complaint alleges sufficient facts on the basis of which to determine the timeliness of the suit. Plaintiffs' allegations of fraudulent concealment, therefore, meet the requirements of Fed.R.Civ.P. 9(b).

### Count I

Count I of plaintiffs' amended complaint alleges that the defendants' conduct violated § 12(2) of the 1933 Act, 15 U.S.C. § 77*l*(2). Defendants challenge this count on three grounds: first, that the claim is time barred; second, that plaintiffs failed to plead a justiciable cause of action; and, third, that plaintiffs failed to plead sufficient facts supporting allegations that defendants Griffin and Rich, May were aiders and abettors.

■ A claimed violation of § 12(2) is subject to the one year statute of limitations requirement set forth in § 13 of the 1933 Act, 15 U.S.C. § 77m. It is the plaintiffs' burden to plead and prove facts showing that they are within this statute of limitations. *Cook v. Avien, Inc.,* 573 F.2d 685, 695 (1st Cir.1978). Plaintiffs have met their burden of pleading here. Plaintiffs filed this lawsuit on December 22, 1982, and amended their complaint on July 23, 1983. As ruled above, plaintiffs' amended complaint alleges with sufficient particularity that defendants fraudulently concealed material facts from plaintiffs until as late as November 1982. Fraudulent concealment will toll the running of the limitations period in § 12(2) actions until discovery. *See Cook v. Avien, Inc.,* 573 F.2d at 695. Therefore, plaintiffs have shown that their § 12(2) claim was brought within the time required.

■ Defendants also assert that Count I should be dismissed because plaintiffs failed to plead a justiciable cause of action based on § 12(2). Specifically, defendants claim that plaintiffs do not allege (1) that they did not know of the alleged omissions and misrepresentations at the time they were made, and (2) that the securities were tendered. Paragraphs 9, 10, and 11 of the amended complaint state that plaintiffs "purchased [the partnership units] in reliance upon the honesty, accuracy and completeness of the [m]emorandum." Paragraph 19 recites that "this action was commenced within one year after the discovery by the plaintiffs of the untrue statements and omissions." Construing the complaint in favor of the plaintiffs, I rule that these allegations adequately plead the plaintiffs' lack of knowledge. Similarly, viewing the complaint in the light most favorable to plaintiffs, the Court can infer that plaintiffs have tendered their securities to defendants. *See Wigand v. Flo-Tek, Inc.,* 609 F.2d 1028, 1034–35 (2nd Cir.1979). Paragraphs 9, 10, 11, 12 and 13 set forth the consideration paid by plaintiffs for their units, the fact that the partnership is presently insolvent, and the fact that plaintiffs have lost their entire investment plus interest. Also, plaintiffs have attached to the amended complaint as exhibits letters sent by plaintiffs' counsel to defendants

demanding the return of plaintiffs' consideration plus interest. For the purposes of this motion, plaintiffs have sufficiently made a tender of their securities.

■ Defendants Griffin and Rich, May claim that plaintiffs have failed to plead sufficient facts supporting allegations that Griffin and Rich, May aided and abetted other defendants in their alleged violation of § 12(2). "The cases generally list three prerequisites to aiding and abetting liability: (1) the existence of a securities law violation by the primary (as opposed to the aiding and abetting) party; (2) 'knowledge' of this violation on the part of the aider and abettor; and (3) 'substantial assistance' by the aider and abettor in the achievement of the primary violation." *IIT v. Cornfeld,* 619 F.2d 909, 922 (2d Cir.1980). Plaintiffs must plead each element with sufficient particularity to meet the requirements of Fed.R.Civ.P. 9(b), or the claim must be dismissed.

Plaintiffs have alleged sufficient facts to prove the existence of a securities violation by the primary parties. See Sections IV and VI of plaintiffs' amended complaint. As for the second element—that of "knowledge," or "scienter"—Fed.R.Civ.P. 9(b) provides that "knowledge [of fraud] may be averred generally." Paragraph 19 of the amended complaint states that "all of the defendants knew of ... the untruths and omissions. The defendants intentionally, willfully, recklessly and with *scienter* included or allowed to be included in the [m]emorandum the untrue statements in and omitted or allowed the material facts to be omitted from the [m]emorandum." Defendants' knowledge is thereby directly and concisely averred. The inclusion in the complaint of additional phrases such as "should and could have known" does not render this otherwise adequate pleading insufficient. Fed.R.Civ.P. 8(e)(2). *See IIT v. Cornfeld,* 619 F.2d at 923–24.

Plaintiffs have also successfully pleaded the third element—namely, "substantial assistance" by the aider and abettor. The amended complaint states that defendant Griffin, an attorney, and the law firm of Rich, May represented several of the defendants relative to the creation and sale of the limited partnership units at issue. The complaint further alleges that defendants Griffin and Rich, May wrote the confidential offering memorandum, as well as the opinion of counsel which is attached as an exhibit to the memorandum. Griffin and Rich, May did "associate themselves with the venture, participate in it as something they wished to bring about, and sought by their action to make it succeed." *IIT v. Cornfeld,* 619 F.2d at 925, *referring to United States v. Peoni,* 100 F.2d 401, 402 (2d Cir.1938) (L. Hand, J.). Moreover, the Court must take as admitted for purposes of this motion that defendants Griffin and Rich, May actually knew of the misstatements and omissions in the documents. This Court is satisfied that the defendants' preparation of documents they knew to be misleading qualifies as "substantial assistance." *See IIT v. Cornfeld,* 619 F.2d at 925; *accord Woodward v. Metro Bank of Dallas,* 522 F.2d 84 (5th Cir.1975). I rule therefore that all three of the necessary elements were sufficiently pleaded by plaintiffs.

On the basis of the above, I rule that defendants' motion to dismiss Count I should be denied. Defendants Griffin and Rich, May also move to dismiss Counts II, III, IV, VI, VII, IX and X for insufficient pleading of aiding and abetting. For the reasons discussed above, defendants' motion to dismiss on this ground should also be denied as to Counts II, III, IV, VI, IX and X. In Count VII, Griffin and Rich, May are alleged to be principals, not aiders and abettors, and for this reason the motion to dismiss Count VII should be denied.

*Count II*

Count II alleges that the defendants' actions violated SEC Rule 10b–5, 15 U.S.C. § 78j. Defendants claim that this count is time-barred and so should be dismissed. Section 10(b) of the Securities Act of 1934 has no statutorily prescribed limitations period. *Cook v. Avien, Inc.,* 573 F.2d at 694. Accordingly, federal courts must turn to state law and apply the limitations period applicable to the state cause of action most similar to Rule 10b–5 and which best effectuates the rule's purpose. *Berry Petrole-*

*um Co. v. Adams & Peck,* 518 F.2d 402, 407 (2d Cir.1975).

■ The Court of Appeals for the First Circuit has ruled that the three year limitations period set by Massachusetts law for certain personal tort suits under M.G.L. c. 260, § 2A, applies to 10b–5 actions. *Janigan v. Taylor,* 344 F.2d 781, 783 (1st Cir.), *cert. denied,* 382 U.S. 879, 86 S.Ct. 163, 15 L.Ed.2d 120 (1965).[3] Defendants urge this Court to break with precedent and to adopt the two year limitations period applicable to securities fraud actions brought under M.G.L. c. 110A, § 410. At this point in the proceeding, however, it is not necessary for the Court to rule on this issue. The federal doctrine of equitable tolling applies to 10b–5 actions. *Tomera v. Galt,* 511 F.2d at 509. Plaintiffs' satisfactory pleading of fraudulent concealment therefore renders their 10b–5 claim timely under either a two or three year limitations period. I rule that defendants' motion to dismiss on these grounds should be denied.

*Count III*

Count III of plaintiffs' amended complaint is based upon the alleged violation of § 17(a) of the 1933 Act, 15 U.S.C. § 77q(a). Defendants contend that no private right of action is available under § 17(a) and so Count III should be dismissed.

The courts are split on the issue of whether § 17(a) provides an implied right of action for damages. For an extensive survey of court holdings, see *Woods v. Homes & Structures of Pittsburg, Kansas, Inc.,* 489 F.Supp. 1270, 1284–88 (N.D. Kan.1980). Neither the Court of Appeals for the First Circuit nor the Supreme Court has ruled on the issue. Most decisions by district courts in the First Circuit, however, have held that no private cause of action exists under § 17(a). *See, e.g., Kaufman v. Magid,* 539 F.Supp. 1088 (D.Mass.1982); *Dyer v. Eastern Trust & Banking Co.,* 336 F.Supp. 890 (D.Me.1971).

■ Although the Court recognizes that it is not bound by the decisions of other district courts in this Circuit, it rules that the reasoning of these district courts is persuasive. Simply put, it would be inappropriate to add an implied remedy under § 17(a) given the detailed remedies, with their corresponding limitations on liability, expressly created by §§ 11 and 12 of the 1933 Act. *See Dyer v. Eastern Trust & Banking Co.,* 336 F.Supp. at 903–05. *See also Gunter v. Hutcheson,* 433 F.Supp. 42 (N.D.Ga.1977). I rule that this is a sound reading of the securities laws and, furthermore, is a view consistent with recent Supreme Court cases concerning private rights of action. *See, e.g., Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981); *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979); *Touche Ross & Co. v. Redington,* 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979).

It seems particularly inappropriate to allow a cause of action under § 17(a) in this case where plaintiff has also stated a cause of action under § 12(2). Plaintiffs' causes of action under § 12(2) (Count I) and § 17(a) (Count III) allege the same operative facts in support of both claims. "Under these circumstances[,] plaintiff[s] cannot sustain a separate cause of action under Section 17(a)." *Dyer v. Eastern Trust & Banking Co.,* 336 F.Supp. at 905. I rule that defendants' motion to dismiss Count III should be allowed.

*Count IV*

Plaintiffs allege in Count IV that defendants' conduct violated § 12(1) of the 1933 Act, 15 U.S.C. § 77*l*(1). Defendants move for dismissal of the count for the reason that the statute of limitations has run. The applicable statute of limitations for § 12(1) claims is § 13, 15 U.S.C. § 77m, which reads in pertinent part:

No action shall be maintained ... to enforce any liability created under section 12(1), unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created un-

---

**3.** At the time of the *Janigan* decision, a two year limitations period was in effect. This time limit was later revised to three years by Mass.Acts 1973, ch. 777, § 1.

der ... section 12(1) more than three years after security was bona fide offered to the public ....

Plaintiffs' § 12(1) claim arose at the latest in February 1980, the date of the last sale. Since the original complaint was filed in December 1982, the language of § 13 shows that plaintiffs' § 12(1) claim is barred by the one year statute of limitations. Plaintiffs argue, however, that the statute of limitations was tolled by defendants' fraudulent concealment and therefore that the December 1982 filing was timely.

Many courts, in well-reasoned opinions, have ruled that where a defendant fraudulently conceals the existence of a claim under § 12(1), the one year statute of limitations will be tolled until discovery. *See, e.g., Katz v. Amos Treat & Co.,* 411 F.2d 1046 (2d Cir.1969); *Dyer v. Eastern Trust & Banking Co.,* 336 F.Supp. 890 (D.Me.1971). The Court of Appeals for the First Circuit, however, has expressly held otherwise. In *Cook v. Avien, Inc.,* 573 F.2d at 691, the Court held that "under the explicit language of § 13, the limitations period runs from the date of the violation irrespective of whether the plaintiff knew of the violation." The Court of Appeals viewed any fraudulent concealment on the part of the defendants as irrelevant and dismissed plaintiffs' § 12(1) claim. This Court is bound to follow the decision of the Court of Appeals. For this reason, I rule that plaintiffs' § 12(1) claim is barred by the one year limitations period of § 13, and thus should be dismissed.

### Count V–X

In Counts V through X, plaintiffs set forth their various state statutory and common law claims. Plaintiffs allege that the Court has the power to hear these claims because of the doctrine of pendent jurisdiction. Defendants argue that these state law claims should be dismissed for lack of subject matter jurisdiction.

A federal court has pendent jurisdiction over a state law claim whenever there is a federal claim in the same action and the state and federal claims "derive from a common nucleus of operative facts." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Here, the Court has pendent jurisdiction, "in the sense of a judicial *power,*" because two of plaintiffs' federal claims will survive this motion to dismiss. *Id.* (emphasis in original). However, the power to hear the whole case, federal and state claims alike, "need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." 383 U.S. at 726, 86 S.Ct. at 1139.

The Court, in its discretion, refuses to exercise pendent jurisdiction in this case. On the facts of the case, those considerations of "judicial economy, convenience and fairness to litigants" which would militate in favor of exercising pendent jurisdiction are far outweighed by the "likelihood of jury confusion in treating divergent legal theories of relief." 383 U.S. at 726–27, 86 S.Ct. at 1139–40. For these reasons, I rule that plaintiff's state law claims should be dismissed without prejudice.

Order accordingly.