John D. KILMARTIN, Jr., et al., Plaintiffs,

v.

H.C. WAINWRIGHT & CO., et al., Defendants,

William F. GRIFFIN, Jr., et al., Defendants and Third-Party Plaintiffs,

v.

Kenneth TALMAGE, et al., Third-Party Defendants.

Civ. A. No. 82–3905–C.

United States District Court, D. Massachusetts.

June 19, 1986.

& Co., Robert L. Clark and Charles A. Garvin (third party plaintiffs).

Duncan S. Payne, Peabody & Brown, Boston, Mass., for defendant Harvey White.

Jean M. Kelley, Samuel Perkins, Boston, Mass., Elizabeth Butler Heath, Morrison, Mahoney & Miller, Murray Rapaport, Boston, Mass., for defendant William Griffin.

John J. Curtin, John R. Snyder, Bingham, Dana & Gould, Boston, Mass., for third party defendants F.T. Graff and Bowles, McDavid, Graff and Love.

William A. Zucker, Gadsby & Hannah, Boston, Mass., for third party defendants Andrew E. Fox and Engineering Services, Inc.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action which is now before the Court on motions to dismiss in whole or in part the third-party complaints of defendants-third-party plaintiffs William F. Griffin, Jr. ("Griffin") and Rich, May, Bilodeau & Flaherty ("Rich, May") against Andrew E. Fox ("Fox"), Engineering Services, Inc. ("ESI"), F. Thomas Graff ("Graff") and Bowles, McDavid, Graff & Love ("Bowles, McDavid"). The plaintiffs in the main complaint have reached a settlement with the defendants, including the third-party plaintiffs Griffin and Rich, May, who now seek contribution or indemnity from the third-party defendants. Prior to settlement, two counts under the federal securities laws remained in the main complaint: Count I, which alleges violation of 15 U.S.C. 77l(2), § 12(2) of the Securities Act of 1933, and Count II, which alleges violation of Rule 10b–5 of the Securities and Exchange Commission, promulgated pursuant to 15 U.S.C. § 78j.

The original complaint in this case was filed on December 22, 1982 and was amended on July 29, 1983 to add as defendants the now third-party plaintiffs, Griffin and Rich, May.[1] Discovery in the case was

Robert T. Gill, James L. Polianites, Parker, Coulter, Daley & White, Boston, Mass., for defendants Rich, Bilodeau and Flaherty (third party plaintiffs).

Thomas J. Urbelis, Withington, Cross, Park & Groden, and Michael P. Duffy, Boston, Mass., for defendants H.C. Wainwright

---

**1.** Griffin was a partner at the law firm of Rich, May during the time of the transaction which is the focus of this case.

closed on March 12, 1984 by order of Court. Griffin and Rich, May filed third-party complaints in March 1984. These third-party complaints are similar to each other and include by attachment the amended complaint filed in the main action.

The third-party complaints allege the secondary liability of persons involved in the sale of limited partnerships in a mining company. On December 18, 1979, the International Mining Company issued a "Confidential Offering Memorandum" ("the Memorandum") which offered for sale limited partnership units in Long Run Coal Associates I ("Long Run"). The Memorandum stated that International Coal Company ("the Coal Company") had agreed to purchase from Long Run all of the coal projected to be mined at a minimum of $33 per ton. It failed to state that the Coal Company's purchase order was contingent on the coal meeting specific minimum dry-quality standards and it also failed to state that tests made on a sample showed that the coal likely to be mined by Long Run did not meet these standards. Fox, an employee of ESI, prepared the engineering report which was included in the Memorandum. Graff, a partner at Bowles, McDavid, drafted the Memorandum. Relying on "the honesty, accuracy and completeness of the Memorandum," the plaintiffs in the main action purchased limited partnership units in Long Run between December 31, 1979 and January or February of 1980.

Long Run did not perform as projected due, inter alia, to the poor quality of its coal and its consequent inability to receive $33 per ton, the inexperience of its management, and inadequate financial resources. From 1979 to 1982, the defendants allegedly concealed facts concerning Long Run's losses from the investors. When the limited partners discovered Long Run's poor financial condition, they initiated this suit. Long Run is now insolvent and has ceased operation.

After extensive discovery and more than three years of filing pleadings, the parties to the main action reached a settlement, leaving in dispute only four counts in the third-party complaints of both Griffin and Rich, May.[2] Now before this Court are motions to dismiss filed by Graff and Bowles, McDavid and Fox and ESI, and a supplemental motion to dismiss filed by Graff and Bowles, McDavid, which was joined in by Fox and ESI. Each of these three motions will be considered in turn.

When considering a motion to dismiss, a court must construe the complaint liberally in favor of the plaintiff, regard the material allegations of the complaint as admitted facts, and decline to dismiss the action unless it is clear that the complainant could "prove no set of facts in support of his claim which would entitle him to relief." *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969), *quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

■ In their first motion, Graff and Bowles, McDavid seek to dismiss the claim for indemnity and any pendent state law claims asserted against them in the third-party complaints. Indemnification is not available under the federal securities laws. *Ahern v. Gaussoin*, 104 F.R.D. 37, 40 (D.Or.1984). If indemnity were permitted, it would frustrate the federal legislative policy of deterring securities fraud by allowing a securities wrongdoer to shift his entire loss to another party. *Stowell v. Ted. S. Finkel Investment Services, Inc.*, 641 F.2d 323, 325 (5th Cir.1981); *Laventhol, Krekstein, Horwath & Horwath, v. Horwitch*, 637 F.2d 672, 676 (9th Cir.1980), *cert. denied*, 452 U.S. 963, 101 S.Ct. 3114, 69 L.Ed.2d 975 (1981); *Heizer Corp. v. Ross*, 601 F.2d 330, 334 (7th Cir.1979). The right of contribution, however, which strengthens the policy underlying the securities laws, is available. *E.g., Laventhol,*

**2.** Although both of the third-party complaints contained nine counts and named nine third-party defendants, all claims in this case except the four counts against Fox, ESI, Graff, and

Bowles, McDavid were dismissed with prejudice on March 17, 1986 following the settlement among the parties.

637 F.2d at 675. I therefore rule that claims for indemnity in both Griffin's and Rich, May's third-party complaints should be dismissed.

Graff and Bowles, McDavid also move for the dismissal of any state claims asserted in the third-party complaints. I note at the outset that all state claims relating to the main action have been dismissed by this Court and may not be reintroduced by the third-party plaintiffs. It is unclear from the third-party complaints what, if any, additional violations of state law are being asserted against the third-party defendants, although there are vague references to breaches of duty and negligence. This Court has already ruled that it would not exercise pendent jurisdiction over state claims in this case. *Kilmartin v. H.C. Wainwright & Co.*, 580 F.Supp. 604, 610 (D.Mass.1984). That ruling also applies to any claims based on state law alleged in the third-party complaints. The only claims remaining in this action, therefore, are the claims of Griffin and Rich, May for contribution under the federal securities laws.

Turning to the second motion, Fox and ESI seek to dismiss the third-party complaints against them, arguing that Counts VIII and IX, the only counts which apply to them, lack specificity and particularity in violation of Fed.R.Civ.P. 9(b).[3] Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This rule is read in conjunction with Fed.R.Civ.P. 8(e), which requires a simple, concise and direct statement of claims. *E.g., Omega-Alpha, Inc. v. Touche Ross & Co.*, [1976] Fed.Sec.L.Rep. (CCH)

¶ 95,663 at 90,267 (Aug. 4, 1976). The purposes of the specificity requirement in Rule 9(b) are to give a defendant adequate information about the plaintiff's claim so that he can defend himself and to protect someone charged with fraud from groundless attacks that may damage his reputation. *Id.* A complaint alleging fraudulent violations of section 12(2) and Rule 10b–5 must satisfy the particularity requirements of Rule 9(b). *E.g. Klein v. Computer Devices, Inc.*, 591 F.Supp. 270, 278 (S.D.N.Y. 1984) (Rule 10b–5); *see Arpet, Ltd. v. Homans*, 390 F.Supp. 908, 910–12 (W.D.Pa. 1975) (§ 12(2)).

In this case, the third-party complaints allege that if Griffin and Rich, May are found to have aided and abetted their co-defendant, International Coal Mining Company, in the offer and sale of limited partnership units in Long Run in violation of section 12(2) and Rule 10b–5, and are thus liable for damages, then Fox is liable to the plaintiffs for all or part of that judgment. According to Griffin and Rich, May, any damages the plaintiffs suffered resulted from Fox's breach of duty to the plaintiffs and/or his negligence. The liability of ESI is predicated on it being Fox's employer at the relevant time.

Under the federal securities laws, contribution is required only from joint tortfeasors. *Ahern v. Gaussoin*, 104 F.R.D. at 40; *see generally*, Restatement (Second) of Torts § 886A comment e (1982). To succeed in their claim against Fox and ESI, Griffin and Rich, May must show both that they were liable to the plaintiffs[4] and that Fox and ESI also are liable to plaintiffs, that is, that they were joint tortfeasors. *Tucker v. Arthur Andersen & Co.*, 646

---

**3.** Fox and ESI also moved to dismiss Griffin's third-party complaint on the grounds that Griffin failed to serve a summons and complaint on them during the 120 day period following the filing of the complaint as required by Fed.R. Civ.P. 4(j), and failed to prosecute in a diligent manner, thus warranting dismissal under Fed. R.Civ.P. 14(a). At oral argument on April 14, 1986, counsel advised the Court that Fox and ESI are not pressing their claims of improper service of process. Consequently, the Court will not address that issue. The question of pendent state claims, also raised by Fox and ESI, has already been dealt with in this opinion.

**4.** A settlement among the parties in the main action does not preclude the defendants from proving their primary liability. *See* Restatement (Second) of Torts § 886A(1) & comment b (1982). The party seeking contribution following a settlement must, however, prove both his own, and the contribution defendant's liability, and the reasonableness of the payment made. *Id.* at comments d, e.

F.2d 721, 727 & n. 7 (2d Cir.1981); *Ahern v. Gaussoin*, 104 F.R.D. at 40. Because Griffin and Rich, May must therefore prove that Fox and ESI aided and abetted in fraudulent violations of section 12(2) and Rule 10b–5, their third-party complaint must comply with the specificity requirements of Rule 9(b). The ruling by this Court in the main action that the amended complaint satisfied the requirements of Rule 9(b) with regard to Griffin and Rich, May in *Kilmartin v. H.C. Wainwright & Co.*, 580 F.Supp. at 608, is not determinative as to the third-party complaint. The sufficiency of a pleading pursuant to Rule 9(b) must be decided as to each defendant in the action. *E.g., Gross v. Diversified Mortgage Investors*, 431 F.Supp. 1080, 1089 (S.D.N.Y.1977), *aff'd*, 636 F.2d 1201 (2d Cir. 1980).

The issue then is whether the third-party complaints adequately state a claim that Fox and ESI aided and abetted in defrauding the plaintiffs in violation of section 12(2) and Rule 10b–5. The theory of liability and the elements of aiding and abetting under section 12(2) are essentially the same as those under Rule 10b–5. *Frankel v. Wyllie & Thornhill, Inc.*, 537 F.Supp. 730, 744 (W.D.Va.1982). The third-party plaintiffs must therefore plead with sufficient particularity the following three elements: (1) the existence of a securities law violation by the primary party; (2) the aider and abettor's knowledge of this violation; and (3) the substantial assistance by the aider and abettor in the commission of the primary violation. *IIT v. Cornfeld*, 619 F.2d 909, 922 (2d Cir.1980).

 With regard to the first element, the amended complaint, which as noted above is part of the third-party complaint, clearly alleges sufficient facts to prove the existence of securities violations by the primary defendants. As for the second element, knowledge or scienter, Fed.R.Civ.P. 9(b) provides that knowledge may be averred generally. Counts VIII and IX in the third-party complaints do not aver that either Fox or ESI knowingly assisted the primary defendants in violating federal securities laws. The amended complaint which is part of the third-party complaint, sufficiently pleads the knowledge of "the defendants," a term which this Court found included Griffin and Rich, May as aiders and abettors. *Kilmartin v. H.C. Wainwright & Co.*, 580 F.Supp. at 608. It is clear, however, that third-party defendants, who were not named in the amended complaint, were not intended to be included in this averment. Even though a defendant's knowledge need only be alleged generally to satisfy the requirements of Rule 9(b), it must be alleged somewhere. Finally, the third element, substantial assistance by the aider and abettor, is adequately pleaded only by Rich, May. The third-party complaint filed by Rich, May alleges that Fox "materially and substantially assisted in the offer and sale of limited partnerships in Long Run by his activity in preparing the Engineering Report which was included as part of the Confidential Offering Memorandum." This allegation sufficiently alerts Fox and ESI to the substance of the Rich, May claim against them and satisfies the third element. The third-party complaint filed by Griffin, however, only makes the conclusory statement that Fox "materially and substantially assisted in the offer and sale of limited partnerships in Long Run." This conclusory statement does not satisfy the requirement under Rule 9(b) that the acts or statements constituting the fraud be alleged with some specificity. *See Klein v. Computer Devices, Inc.*, 591 F.Supp. at 279. Based on the foregoing discussion, I rule that the third-party complaints against Fox and ESI should be dismissed for failure to allege knowledge on the part of Fox and ESI and thus to comply with the particularity requirements of Fed. R.Civ.P. 9(b).[5]

---

5. The third-party defendants Graff and Bowles, McDavid have not argued that Griffin and Rich, May failed to comply with the requirements of Rule 9(b) in counts VI and VII, which specifical- ly relate to them. Graff and Bowes, McDavid therefore may be deemed to have waived the requirement. 2A Moore's Federal Practice ¶ 9.03 (2d ed. 1985).

■ The third, supplemental motion to dismiss, joined in by all the third-party defendants, asserts that there can be no third-party liability to Griffin and Rich, May because, as a matter of law, Griffin and Rich, May were not liable to the plaintiffs. Third-party defendants may contest the liability of the third-party plaintiffs in an action for contribution. The third-party defendants argue (1) that the plaintiffs' section 12(2) and Rule 10b–5 claims were barred by the applicable statutes of limitations and (2) that there is no aider and abettor liability under section 12(2). Section 12(2) is subject to the absolute three year limitation period set forth in section 13 of the 1933 Securities Act for commencement of suit following the sale of securities. See 15 U.S.C. § 77m. The plaintiffs in this action allegedly purchased the limited partnership units in Long Run between December 31, 1979 and January or February, 1980. The suit was commenced on December 22, 1982, within the three year limitation period. Although the amended complaint adding Griffin and Rich, May was not filed until July, 1983, after the expiration of the three year period for commencing suits under section 12(2), an amendment relates back to the date of the original pleading if it meets certain criteria. Rule 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew

or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Looking at the amended complaint in the light most favorable to the plaintiffs, it must be assumed that Griffin and Rich, May had sufficient notice to satisfy the requirements set forth in Fed.R.Civ.P. 15(c), and that the allegations in the amended complaint relate back to the date of the original complaint. The plaintiffs' section 12(2) claim against Griffin and Rich, May thus was not subject to dismissal as time-barred on the basis of a motion to dismiss.[6]

As for the third-party defendants' argument that the Rule 10b–5 count was time-barred, I first note that this Court has already ruled that the plaintiffs' Rule 10b–5 claim was not time-barred. *Kilmartin v. H.C. Wainwright & Co.,* 580 F.Supp. at 608–09. Even assuming that Griffin and Rich, May were not involved in the fraudulent concealment which tolled the statute of limitations with regard to other defendants in this case, the claim against them still was not time-barred. As stated above, the amended complaint relates back in time to the date of the original complaint, which was filed within the Massachusetts three-year statute of limitations, Mass.Gen.Laws Ann. c. 260, § 2A, applicable to Rule 10b–5 actions. *Janigan v. Taylor,* 344 F.2d 781, 783 (1st Cir.), *cert. denied,* 382 U.S. 879, 86 S.Ct. 163, 15 L.Ed.2d 120 (1965). Furthermore, the statute of limitations in a Rule 10b–5 action does not begin to run until the plaintiff has discovered or in the exercise of reasonable diligence, should have discovered the fraud. *E.g., Sleeper v. Kidder, Peabody & Co.,* 480 F.Supp. 1264, 1266 (D.Mass.1979), *aff'd* 627 F.2d 1088 (1st Cir. 1980). Since it is a question of fact when the statute of limitations began to run in this action with respect to the Rule 10b–5 claim, it cannot be found as a matter of law

---

**6.** In *Kilmartin v. H.C. Wainwright & Co.,* 580 F.Supp. at 607, this Court also found that the plaintiffs' claim was not barred by the requirement found in 15 U.S.C. § 77m that suits be

commenced within one year after the untrue statement or omission was, or should have been, discovered.

that the plaintiffs' Rule 10b–5 claim was time-barred.

 Finally, the third-party defendants assert that there is no aider and abettor liability under section 12(2). Although the law is not settled on this question, I will adopt for the purposes of § 12 the more liberal definition of "seller" which includes a participant in the transaction. *Klein v. Computer Devices, Inc.*, 591 F.Supp. 270, 274 & n. 11 (S.D.N.Y.1984). The persons who may be liable under § 12(2) therefore are not only the immediate sellers of the securities, but also those who substantially participated in the transaction, either actively or by aiding and abetting the seller. *Id.* at 276. I therefore rule that aiders and abettors may be liable under section 12(2).

Order accordingly.

## ORDER

### June 19, 1986

In accordance with memorandum filed this date, it is

ORDERED:

1. Graff and Bowles, McDavid's motion to dismiss claims for indemnity and state law claims is allowed.

2. Fox and ESI's motion to dismiss counts VIII and IX for failure to state a claim is allowed.

3. The supplemental motion to dismiss joined in by all third-party defendants is denied.