William H. DAWE, Jr., Plaintiff,

v.

MAIN STREET MANAGEMENT
COMPANY, et al., Defendants.

Civ. A. No. 87–2921–T.

United States District Court,
D. Massachusetts.

May 24, 1990.

William H. Dawe, Jr., Danvers, Mass., pro se.

Edward P. Leibensperger and David Abelman, Nutter, McClennen & Fish, Boston, Mass., James P. Tracey, Deloitte, Haskins & Sells, New York City, for Deloitte Haskins & Sells.

John P. Fitzgerald, Cogavin & Waystack, Boston, Mass., for Christopher T. Hatch and The Liberty Group.

## MEMORANDUM

TAURO, District Judge.

Plaintiff, William H. Dawe, claims that he was fraudulently persuaded to invest in a failing limited partnership in some Texas real estate. According to plaintiff, several defendants prepared a private placement memorandum containing misleading information and omitting material information regarding the limited partnership. Plaintiff claims that he relied on this misleading memorandum when he decided to invest in the limited partnership. Consequently, he filed this suit against the preparers and distributors of the memorandum, alleging several violations of federal and state securities laws.[1]

Most significantly for present purposes, plaintiff has named as a defendant the accounting firm of Deloitte Haskins & Sells ("Deloitte Haskins"), which allegedly prepared an Accountants' Review Report that was incorporated in the private placement memorandum.

Presently at issue is Deloitte Haskins' motion to dismiss.

1. Plaintiff's eight-count complaint alleges: 1) violations of § 10(b) and Rule 10b–5 of the Securities Exchange Act of 1934 based on material omissions and deceptive statements; 2) violations of § 10(b) and Rule 10b–5 based on the theory of "fraud on the market;" 3) violations of § 12(2) of the Securities Act of 1933 based on material omissions and deceptive statements; 4) violations of Mass.Gen.L. ch. 110A, § 101 *et seq.* based on material omissions and deceptive statements; 5) negligence and reckless conduct; 6) negligent misrepresentation; 7) innocent misrepresentation; and 8) fraud.

I.

■ Count III of plaintiff's Complaint alleges violations of § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2). Section 12(2) provides, in relevant part:

> Any person who ... *offers or sells* a security ... by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact ... shall be liable to the person purchasing such security from him....

15 U.S.C.A. § 77*l*(2) (West 1981) (emphasis added). Deloitte Haskins moves to dismiss Count III, arguing, *inter alia*, that an accounting firm cannot be a "seller" of securities for purposes of § 12(2).

Until recently, the scope of the term "seller" for purposes of § 12(2) was uncertain.[2] Now, however, it is clear that "§ 12 only imposes liability on two classes of persons: those who actually transfer title to securities and those that 'successfully solicit the purchase.' Collateral participants in the sale of securities cannot be held liable under § 12(2)." *Loan v. Federal Deposit Insurance Corp.*, 717 F.Supp. 964, 968 (D.Mass.1989) (Tauro, J.) (quoting *Pinter v. Dahl*, 486 U.S. 622, 108 S.Ct. 2063, 2079, 100 L.Ed.2d 658 (1988)).

Deloitte Haskins clearly did not transfer title here. The issue, therefore, is whether Deloitte Haskins actually "solicited the purchase," or was merely "a collateral participant in the sale."

In *Pinter v. Dahl*, 486 U.S. 622, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988), the Supreme Court strongly suggested that accountants performing their ordinary services are merely collateral participants and, therefore, cannot be liable under § 12. When criticizing one proposed definition of "seller" as too broad, the Court noted:

> The deficiency of the substantial-factor test is that it divorces the analysis of seller status from any reference to the applicable statutory language and from any examination of § 12 in the context of the total statutory scheme.... Thus, although the substantial-factor test undoubtedly embraces persons who pass title and who solicit the purchase of unregistered securities as statutory sellers, the test would extend § 12(1) liability to participants only remotely related to the relevant aspects of the sales transaction. Indeed, it might expose securities professionals, *such as accountants* and lawyers, whose involvement is only the performance of their professional services, to § 12(1) strict liability for rescission.

*Pinter*, 486 U.S. at 651, 108 S.Ct. at 2080 (emphasis added).[3] Moreover, the Court noted that the broad scope of § 11 of the Securities Act of 1933,[4] which expressly lists as defendants "many who are participants in the activities leading up to the sale," suggests that § 12, which has no such broad list, intended to exclude these participants from its coverage. 486 U.S. at 650, n. 26, 108 S.Ct. at 2080, n. 26.[5]

---

**2.** *Compare Sanders v. John Nuveen & Co., Inc.,* 619 F.2d 1222, 1226 (7th Cir.1980) (liability under § 12(2) as a "seller" must be premised upon strict privity between the buyer and seller) *with Admiralty Fund v. Jones,* 677 F.2d 1289, 1294 (9th Cir.1982) (a party is liable as a "seller" under § 12(2) if he was a "significant participant" in, or "proximately caused," the sale) *and Lawler v. Gilliam,* 569 F.2d 1283, 1287–88 (4th Cir.1978) (a party is liable as a "seller" under § 12(2) if he was a "substantial factor" in the sale).

**3.** "Although *Pinter* involved a construction of § 12(1) of the Securities Act of 1933, it is clear that the holding applies with equal force to § 12(2)." *Loan v. Federal Deposit Insurance Corp.,* 717 F.Supp. 964, 968, n. 8 (D.Mass.1989) (Tauro, J.). *See also, Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 536 (9th Cir.1989)

("It seems plain from the statute that the word 'offers' means the same thing in both statutes.").

**4.** Section 11 imposes civil liability based on misleading registration statements, and lists as persons liable: 1) every person who signed the statement; 2) directors or partners of the issuer; 3) prospective partners, so named in the statement; 4) *accountants and other experts who certified the statement;* and 5) underwriters of the security. 15 U.S.C.A. § 77k (West 1981).

**5.** *See also, Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 535 (9th Cir.1989) ("As to accountants and lawyers, [*Pinter*] suggests that the activities of these professionals must be directed toward producing a sale as opposed to merely providing professional services before section 12(1) liability may be imposed.")

 In light of *Pinter*, therefore, no cause of action under § 12(2) can be stated against Deloitte Haskins for their performance of their ordinary accounting services in connection with the private placement memorandum.[6] Accordingly, Deloitte, Haskins' motion to dismiss Count III is hereby ALLOWED.

An order will issue.

## ORDER

For the reasons stated in the accompanying memorandum, defendant Deloitte Haskins & Sells' Motion To Dismiss is hereby ALLOWED as to Count III of the Complaint. That same motion is hereby ALLOWED as to the remaining counts, subject to plaintiff's amending his Complaint within thirty days to cure the following defects: 1) failure to allege use of the mails or interstate commerce, as required by 15 U.S.C. §§ 78j(b) and 77*l* (2); 2) failure to allege that the limited partnership interest is a "security" for purposes of 15 U.S.C. § 78j(b); and 3) failure to plead fraud with particularity. *See Konstantinakos v. Federal Deposit Insurance Corp.*, 719 F.Supp. 35, 38–39 (D.Mass.1989) (Tauro, J.).

Defendants Christopher T. Hatch, The Liberty Group, and Northeast Financial Services' Motion To Dismiss is hereby ALLOWED, subject to plaintiff's amending his Complaint within thirty days to cure the following defects: 1) failure to allege use of the mails or interstate commerce, as required by 15 U.S.C. §§ 78j(b) and 77*l* (2); 2) failure to allege that the limited partnership interest is a "security" for purposes of 15 U.S.C. § 78j(b); 3) failure to plead compliance with the statute of limitations, as required by 15 U.S.C. §§ 77*l* and 77m; and 4) failure to plead fraud with particularity. *See Konstantinakos v. Federal Deposit*

*Insurance Corp.*, 719 F.Supp. 35, 38–39 (D.Mass.1989) (Tauro, J.).

It is so ordered.

---

**6.** Moreover, plaintiff cannot state a claim for "secondary liability" or "aiding and abetting" under § 12(2). The prevailing rule in this regard is that no such cause of action exists under § 12(2). *See e.g., Craftmatic Securities Litigation v. Kraftsow*, 890 F.2d 628, 636–37 (3rd Cir.1989) ("persons who fail to qualify as sellers under the *Pinter* standard may not be held liable under § 12(2) on an aiding and abetting theory."); *Royal American Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1017 (2d Cir.1989) (same); *Schlifke v. Seafirst Corp.*, 866 F.2d 935, 942 (7th Cir.1989) (same). One case in this district tentatively held that there could be such liability under § 12(2), *see Kilmartin v. H.C. Wainwright & Co.*, 637 F.Supp. 938, 944 (D.Mass.1986) (Caffrey, J.), but that holding was based on a pre-*Pinter* definition of "seller" which has since been discredited. *See Pinter*, 486 U.S. at 651, 108 S.Ct. at 2080.