637 F.2d 672
 62 A.L.R.Fed. 794, Fed. Sec. L. Rep. P 97,810
 LAVENTHOL, KREKSTEIN, HORWATH & HORWATH,
Defendant/Cross-Claimant/Appellant,
v.
Arnold M. HORWITCH, Douglas E. Frank and Michael H. Folb,
William Myers, Milton H. Corwin, John A. Pizer,
and Walter P. Siders, Defendants/Cross-
Defendants/Appellees.
UNITED STATES TRUST COMPANY OF NEW YORK,
Defendant/Cross-Claimant/Appellant,
v.
Douglas E. FRANK and Michael H. Folb,
Defendants/Cross-Defendants/Appellees.
 Nos. 78-1296 to 78-1299, 78-1397.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 10, 1980.
Decided Dec. 22, 1980.
Rehearing Denied Feb. 18, 1980.
 
 Donald E. Dyekman, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for defendant/cross-claimant/appellant Laventhol, Krekstein, Horwath & Horwath.
 Allen L. Feinstein, Daughton, Feinstein & Wilson, Phoenix, Ariz., argued for defendant/cross-claimant/appellant U.S. Trust Co. of N.Y.; Allen L. Feinstein, Jeffrey S. Leonard, Daughton, Feinstein & Wilson, Phoenix, Ariz. and Carter, Ledyard & Milburn, New York City, on brief.
 Seymour Sacks, James Powers, Phoenix, Ariz., argued for defendants/cross-defendants/appellees; N. Warner Lee, Ryley, Carlock & Ralston, Phoenix, Ariz., Philip E. von Ammon, Fennemore, Craig, von Ammon & Udall, Phoenix, Ariz., Powers, Boutell, Fannin & Kurn, Dushoff & Sacks, Phoenix, Ariz., on brief.
 Appeal from the United States District Court for the District of Arizona.
 Before MERRILL, GOODWIN and ANDERSON, Circuit Judges.
 MERRILL, Circuit Judge:
 
 
 1
 This case involves the sale of securities in the form of limited partnerships. On August 12, 1974, plaintiff Jay Herman filed suit on behalf of a class consisting of 95 investors who purchased limited partnerships in Western Properties Limited Partnership, pursuant to a prospectus and registration statement dated November 30, 1972. The complaint alleged that the registration statement filed with the Securities and Exchange Commission was false and misleading; that the prospectus under which the partnership interests were sold contained material misstatements of fact, omitted material facts, and contained misleading statements as to finances, project completions, and tax status. It was alleged that the general partner of Western Properties, the Doug Frank Development Corporation (Frank Corporation), through its president, Douglas E. Frank, and its executive vice president, Michael H. Folb, intended to and did convert the proceeds of the offering for uses other than those stated in the prospectus. Plaintiffs alleged that "at least $2,000,000 has been misappropriated."
 
 
 2
 Among the defendants in the action were Western Properties, Frank Corporation, Frank, Folb, appellant United States Trust Company of New York (the Bank), alleged to be underwriter of the issue of partnership interests, and appellant Laventhol, Krekstein, Horwath & Horwath (the Accountants), alleged to be the accounting firm employed by the issuer, Western Properties, to prepare the registration statement.
 
 
 3
 The Bank and the Accountants filed cross claims against Frank and Folb, seeking contribution and indemnification. Frank and Folb were alleged by appellants to be in control of Frank Corporation and Western Properties.
 
 
 4
 On December 6, 1976, plaintiffs and defendants Western Properties, Frank Corporation, Frank and Folb moved for approval of a settlement agreement. Plaintiffs agreed to release all claims against Frank and Folb and Western Properties if the settling defendants would co-operate with plaintiffs in their case against the remaining defendants and pay plaintiffs $8,000 on account of costs. The settlement was approved by court order on February 10, 1977, and judgments against Frank and Folb have been entered in accordance with its terms.
 
 
 5
 Frank and Folb then moved for summary judgment on the cross claims of appellants. The district court, without opinion, granted summary judgment dismissing the cross claims on December 13, 1977. Pursuant to Fed.R.Civ.P. 54(b), a certificate was filed by the district court and these appeals were taken by the Bank and the Accountants.[1] They were consolidated in this court. The liability of the Bank and the Accountants to the plaintiff class remains to be decided at trial.
 
 
 6
 The sole question on appeal is whether issues of fact remain to be tried bearing on the liability of Frank and Folb to the Bank and the Accountants for contribution and indemnity. Frank and Folb contend that as matter of law appellants have no right to contribution or indemnity. As to contribution, they contend that the law does not require contribution from persons situated as they were. We disagree.
 
 
 7
 Liability is established by the Securities Act of 1933, 15 U.S.C. § 77k(a). There, five classes of persons are made liable to the purchasers of securities for untrue statements or material omissions in a registration statement. This includes every person who signed the registration statement, every accountant who has, with his or her consent, been named as having prepared or certified any part of the statement, and every underwriter with respect to such securities. Under allegations of the complaint Western Properties, the Bank, and the Accountants are all liable to the purchasers of the securities under § 77k(a).
 
 
 8
 Section 77k(f) provides a right of contribution. It reads:
 
 
 9
 "All or any one or more of the persons specified in subsection (a) of this section shall be jointly and severally liable, and every person who becomes liable to make any payment under this section may recover contribution as in cases of contract from any person who, if sued separately, would have been liable to make the same payment, unless the person who has become liable was, and the other was not, guilty of fraudulent misrepresentation."
 
 
 10
 Under this provision the Bank and the Accountants can recover contribution from any person who, if sued separately, would have been liable to make the same payment.
 
 
 11
 Appellees Frank and Folb are charged with liability as controlling persons whose liability is set forth in § 77o of the statute. Under that section they shall "be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist." The controlled person in this case is alleged to be Western Properties, liable under § 77k(a)(1) as the party who signed the registration statement.
 
 
 12
 Appellees make several arguments to avoid liability for contribution. They contend first that nothing is said in § 77o respecting liability of controlling persons for contribution. Nothing need be said; § 77k(f) has said it all. Section 77o provides that Frank and Folb, as controlling persons, shall be liable jointly and severally with and to the same extent as Western Properties, and to any person to whom Western Properties is liable under § 77k. If this liability subjects Western Properties to contribution under § 77k(f), then Frank and Folb are likewise affected.
 
 
 13
 There can be no question that the liability of the Bank, the Accountants, Western Properties, Frank and Folb is for the "same payment" under § 77k(f). This is payment for the same harm suffered by the purchasers resulting from the direct action of Frank and Folb, and from the negligence or oversight of the Bank and the Accountants in failing to discover the harmful conduct of Frank and Folb.
 
 
 14
 Had Frank and Folb not settled with the plaintiffs, the separate suit brought against them would have proceeded, and they would have been exposed to liability under § 77k to make the same payment for the same injury for which appellants may be held liable. That the settlement eliminated Frank's and Folb's liability to the plaintiff class does not affect their liability in contribution to appellants who were not parties to that settlement, nor does the settlement affect the identity of payment as between these cross-defendants.
 
 
 15
 Appellees' final contention is that public policy favors settlement, and that to hold that contribution survives settlement would discourage parties from reaching settlements. We are unable to accept that argument as a general principle of securities regulation or as the deciding factor in this case.
 
 
 16
 By § 77k(f), Congress has expressed its preference between the sometimes conflicting values of settlement and contribution. A right of contribution is enunciated clearly there; the statute is silent as to the encouragement of settlements. Moreover, contribution strengthens the policy underlying the securities laws. As between the culpable parties, contribution reinforces the deterrent effect of the statute by preventing one wrongdoer from unjustly escaping loss by shifting its responsibility to another wrongdoer liable for the same payment. Each party liable for the same payment must pay its proper share of that payment. Equally important, contribution gives the injured investor an extra measure of protection by broadening its potential source of reimbursement for damages. See Heizer Corp. v. Ross, 601 F.2d 330, 332 (7th Cir. 1979).
 
 
 17
 If it could be said that appellees' settlement with the plaintiff class had resulted in their bearing their proper share of damages, the case might be different. See Herzfeld v. Laventhol, Krekstein, Horwath & Horwath, 540 F.2d 27 (2d Cir. 1976). Clearly, however, the settlement did not accomplish this. In paying $8,000 on account of costs, and agreeing to co-operate with plaintiffs in their case against the remaining defendants, appellees have not borne their fair share of what is due to the plaintiff class, if the allegations of the complaint are to be believed. It is not enough for appellees to earn their freedom from liability by assisting the plaintiff class in recovering from these appellants for their alleged error in placing faith too blindly in Frank and Folb.
 
 
 18
 We conclude that the court was in error in granting summary judgment on appellants' cross claims against Frank and Folb for contribution.
 
 
 19
 Plaintiff Herman also named as defendants certain individuals who, in addition to Frank and Folb, were officers or directors of the Frank Company: Appellees Horwitch, Myers, Corwin, Pizer and Siders. The Accountants cross claimed against them as well as against Frank and Folb. Summary judgment on the merits of the plaintiffs' claim has been entered in favor of these appellees, establishing their freedom from liability to the plaintiff class. That judgment has become final. No longer can it be said that these appellees may become liable to make the same payment as that for which appellants may be found liable. The summary judgment on the Accountants' cross claim as to these appellees was not in error.
 
 
 20
 The cross claim for indemnity for the alleged violations of the Securities Act of 1933 was properly dismissed by the district court. In extending liability to underwriters and those who prepared misleading statements, the purpose of the Act is regulatory rather than compensatory, and permitting indemnity would undermine the statutory purpose of assuring diligent performance of duty and deterring negligence. See 3 L. Loss, Securities Regulation 1831 (1961 2d ed. & Supp.1969). In Heizer Corp. v. Ross, supra, 601 F.2d at 334, the court stated:
 
 
 21
 "Whereas contribution supports the policy of securities legislation, indemnification tends to frustrate and defeat it. A securities wrongdoer should not be permitted to escape loss by shifting his entire responsibility to another party. If indemnification were allowed, those found liable for the breach of a statutory obligation might escape liability as effectively as if contribution were denied."
 
 
 22
 Appellants also seek indemnity from appellees on two common law counts of plaintiffs' first amended complaint: Count IV, which alleges that the Bank is liable for having negligently failed to investigate Doug Frank and Western, or to discover the misappropriation, mismanagement, and fraud perpetrated on Western by Doug Frank, its officers and directors; and Count V, which alleges that the defendants' conduct "constitutes a breach of the common law principles of trust and fiduciary duty."
 
 
 23
 The parties do not dispute that state law governs the common law counts pendent to the federal securities claims. They cannot agree, nor has the trial court reached the issue, as to what local law applies. This is a determination we plainly cannot make on the limited record before us. Furthermore, even if we were to determine which state law applies (the parties suggest it is Arizona or New York law), there are unresolved factual issues as to the relationship between the parties which must be decided before an entitlement to indemnity can be established under the law of either of these states. See Busy Bee Buffet v. Ferrell, 82 Ariz. 192, 310 P.2d 817 (1957); Dole v. Dow Chemical Co., 30 N.Y.2d 143, 282 N.E.2d 288, 331 N.Y.S.2d 382 (1972).
 
 
 24
 We conclude that dismissal of the pendent state claims was error in so far as it applies to Frank and Folb.
 
 
 25
 As to the five officer and director appellees other than Frank and Folb, this portion of the summary judgment is affirmed, since at the very least a party cannot be held liable for indemnity if it is adjudicated not liable for any wrongdoing. See generally Busy Bee Buffet v. Ferrell, supra; Margolin v. New York Life Insurance Co., 32 N.Y.2d 149, 297 N.E.2d 80, 344 N.Y.S.2d 336 (1973).
 
 
 26
 The order of the district court dismissing appellants' cross claim for indemnification of the federal securities violations is affirmed as to all appellees. The order dismissing the cross claim for contribution from appellees Frank and Folb is reversed. The order dismissing the cross claim for contribution from appellees Horwitch, Myers, Corwin, Pizer and Siders is affirmed. The order dismissing the cross claim for indemnification of the state claims as to appellees Frank and Folb is reversed. The order dismissing the cross claim for indemnification of the state claims as to appellees Horwitch, Myers, Corwin, Pizer and Siders is affirmed. The case is remanded for trial which shall include any issues bearing on contribution as to appellees Frank and Folb and on indemnification of the state claims as to those appellees, as well as those bearing on the liability of the appellants to the plaintiff class.
 
 
 
 [1]
 See Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (substantial deference given to discretionary judgment of district court to enter Fed.R.Civ.P. 54(b) certificate)