Ronald E. STEWART; John A. Gromala; John E. Donahue; Gerald R. Harland; Keith S. Humphreys; John D. Drake; Tom Dufour; Roger Sohnrey; Oklahoma Energy Investors; S & H Diversified; Sohnrey Bros., Plaintiffs,

v.

AMERICAN INTERNATIONAL OIL & GAS CO. and James A. Ragland, Defendants.

MERIDIAN RESERVE OF OKLAHOMA, INC., Successor by Merger to American International Oil & Gas Company, Defendant/Third–Party Plaintiff/Appellant,

v.

LIBERTY EXPLORATION COMPANY, INC.; Robert Mills; Transworld Exploration Co.; A. Dale Smith; Orval C. White; Noble C. White; Noble Operating, Inc., Third–Party Defendants/Appellees.

No. 87–1791.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 1988.

Decided April 20, 1988.

---

Michael D. Welch, Bartko, Welch, Tarrant & Miller, San Francisco, Cal., for defendant/third-party plaintiff-appellant.

Robert D. Baron, Eric S. Eissenstat, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, Okl., for third-party defendants-appellees.

Before NOONAN and THOMPSON, Circuit Judges, and KELLEHER,* District Judge.

* Honorable Robert J. Kelleher, Senior United States District Judge, Central District of California, sitting by designation.

KELLEHER, District Judge:

Ronald E. Stewart, et al. (the Stewart Group), sued Meridian Reserve of Oklahoma, Inc. (Meridian), alleging that Meridian had defrauded it in connection with the sale of interests in certain oil and gas leases. Meridian filed a third-party complaint against Liberty Exploration Company, Inc. (Liberty) and Transworld Exploration Company (Transworld) seeking, *inter alia*, indemnity and contribution for any judgment the Stewart group might obtain against Meridian.[1] The district court dismissed the third-party complaint because it failed to show any derivative or secondary liability, as required under Fed.R.Civ.P. Rule 14. Thereafter, the district court imposed Fed. R.Civ.P. Rule 11 sanctions against Meridian, finding that the third-party complaint was frivolous and filed for an improper purpose. Meridian appeals the order of dismissal of its third-party complaint and the order imposing sanctions. We affirm both orders.

## FACTUAL BACKGROUND

This case stems from the sale of interests in a number of oil and gas wells located in Oklahoma. In May of 1981, American International Oil and Gas Company (American) purchased these wells from Liberty and Transworld. Two months later, in a separate transaction, American sold the wells to the Stewart group.

In June of 1983, the Stewart group brought an action in the Eastern District of California against defendant/third-party plaintiff/appellant Meridian, successor by merger to American, and American's president, James Ragland. At the time American sold the wells to the Stewart group, it and Ragland allegedly made certain representations to the Stewart group concerning the drilling and operating costs of the wells which induced the Stewart group to complete the transaction. The Stewart group later discovered that these representations

1. Also named as third-party defendants were several officers of both Liberty and Transworld, and Noble Operating, Inc., which because of bankruptcy proceedings was not involved in this action.

were false. In its complaint, the Stewart group alleged that American, now Meridian, and Ragland violated Section 10(b) of the Securities Exchange Act of 1934, Securities and Exchange Commission Rule 10b–5, California Corporations Code sections 25110, 25401, 25501, 25503 and committed common law fraud, all on the basis of the representations American and Ragland made regarding the wells.

For nearly two years Meridian disputed jurisdiction and service of process. Unsuccessful in this endeavor, Meridian next attempted to transfer the action from the Eastern District of California to Oklahoma pursuant to 28 U.S.C. § 1404(a). In August of 1985, the district court denied the motion to transfer.

Meridian, however, had not been otherwise idle. In May of 1985, while its motion to transfer was pending, Meridian filed its third-party complaint against Liberty and Transworld, alleging RICO violations, securities violations, fraud, and seeking indemnity and contribution for any judgment the Stewart group might recover against Meridian. The purported core of Meridian's argument was that it had merely repeated to the Stewart group the very representations that Liberty and Transworld had made to Meridian when they sold the wells to them two months earlier. Liberty and Transworld each filed a motion to dismiss the third-party complaint. The Stewart group also moved to dismiss the third-party complaint.

Meridian filed its third-party complaint despite the fact that it also had filed a substantially identical claim against Liberty in the Western District of Oklahoma. The Oklahoma action was nearing trial at the time Meridian filed its third-party complaint in California.[2]

The district court dismissed Meridian's third-party complaint, ruling that it failed to satisfy the requirements of Fed.R.Civ.P. Rule 14(a) and failed to state claims upon which relief could be granted. The district court found the third-party complaint to be pretextual and yet another of Meridian's attempts to get the action transferred to

Oklahoma in order to avoid defending itself in California.

Thereafter, Liberty and Transworld filed motions seeking to assess monetary sanctions in the amount of their attorneys' fees pursuant to Fed.R.Civ.P. Rule 11. The district court issued an order imposing sanctions against Meridian on the grounds that Meridian had no factual or legal basis for the third-party complaint and that it was filed for an improper purpose.

Meridian timely appeals under 28 U.S.C. § 1291, claiming error by the district court in dismissing the third-party complaint and in imposing sanctions.

## DISCUSSION

I. *Dismissal of the Third–Party Complaint*

■ The district court dismissed Meridian's third-party complaint because it failed to meet Rule 14 pleading requirements. The district court found that the transaction which gave rise to the original complaint and the transaction which gave rise to the third-party complaint were completely separate. Also, the district court ruled that several of the allegations in the third-party complaint failed as a matter of law. A trial court must act within its sound discretion when determining whether a third-party defendant may be impleaded under Rule 14. *United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 452 (9th Cir. 1983), *cert. denied,* 464 U.S. 1071, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984). Thus, we review the district court's dismissal of the third-party complaint for an abuse of that discretion. *Id.*

Fed.R.Civ.P. 14(a) allows a defending party to bring in as a third-party defendant "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Thus, a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto. *One 1977 Mercedes Benz,* 708 F.2d at

---

2. A directed verdict was entered in favor of Liberty in December 1985.

452. As Professors Wright and Miller explain:

> ... [the claim] cannot simply be an independent or related claim but must be based upon plaintiff's claim against defendant. The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.

6 *Fed.Prac. & Proc.* § 1446 at 257 (1971 ed.). *See also,* 3 J. Moore, *Federal Practice,* paragraphs 14.04–14.15.

■ Here, the district court found that the third-party complaint failed to show the requisite derivative or secondary liability on the part of third-party defendants. The district court noted that the basic facts underlying the original complaint and the basic facts underlying the third-party complaint were disparate, and that each pleading described transactions connected solely by the fact that the same oil and gas wells were involved.

Moreover, the district court correctly found that as a matter of law Meridian was not entitled to indemnity or contribution for any of its fraud claims. Indemnity is unavailable under the federal securities laws. *Laventhol, Krekstein, Horwath & Horwath v. Horwich,* 637 F.2d 672, 676 (9th Cir.1980), *cert. denied,* 452 U.S. 963, 101 S.Ct. 3114, 69 L.Ed.2d 975 (1981). A simple reading of the California statutes and the common law of fraud would have yielded the same conclusion—that a securities wrongdoer or anyone who has committed an active fraud cannot escape loss by shifting his responsibility to another party. *See, e.g., Munoz v. Davis,* 190 Cal.Rptr. 400, 403, 141 Cal.App.3d 420 (1983). The district court was also correct in finding that the RICO claim in the third-party complaint bore no relation whatsoever to the original complaint and failed to show derivative or secondary liability on the part of Liberty or Transworld.

As to Meridian's argument concerning contribution, even a casual inquiry into the law would have disclosed to Meridian that contribution was unavailable under these circumstances. Contribution will be required only from a joint tortfeasor. *Laventhol, Krekstein, et al.,* 637 F.2d at 675. To establish that Liberty and Transworld were joint tortfeasors with Meridian, Meridian was required to show that Liberty and Transworld would be liable to the Stewart group for the same harm Meridian would be liable for. The record before the Court, clearly establishes that this is not the case.

Meridian also devotes much of its argument on appeal to the fact the district court noted that the Stewart group asserted no direct claims against Liberty or Transworld and that the original complaint and third-party complaint were dissimilar. Meridian claims that in doing so the district court was improperly requiring the third-party complaint to be a mirror image of the original complaint. However, contrary to Meridian's contention, the district court was not improperly applying Rule 14 pleading standards. Rather, it was merely emphasizing that there was no derivative nor secondary liability involved here. We cannot say that the district court abused its discretion in dismissing Meridian's third-party complaint.

## II. *Rule 11 Sanctions*

■ Liberty and Transworld filed motions seeking to assess monetary sanctions against Meridian in the amount of attorneys' fees pursuant to Fed.R.Civ.P. Rule 11. The district court granted Liberty $6,000.00 and Transworld $3,000.00.

Our review of an order granting Rule 11 sanctions involves several inquiries. First, we must consider whether the district court correctly imposed sanctions. We review the district court's findings of fact under the clearly erroneous standard. *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1538 (9th Cir.1986). However, we review de novo the district court's legal conclusion that specific conduct violated Rule 11. *Id.* Second, we must con-

sider whether the sanction the district court chose to impose was appropriate in its amount or type, reviewing for an abuse of discretion. *Id.*

■ In *Huettig & Schromm, Inc. v. Landscape Contractors Council of Northern California,* 790 F.2d 1421, 1426 (9th Cir.1986), this Court set forth the framework of Rule 11:

> Under the provisions of Rule 11, when an attorney signs a pleading, he is certifying that he has read it and that to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for an improper purpose. Rule 11 further provides that if the pleading is signed by the attorney in violation of the rule, the court shall impose ... an appropriate sanction.

The two problems that Rule 11 addresses, therefore, are frivolous filings and the use of judicial procedures as a tool for harassment. *Hudson v. Moore Business Forms, Inc.,* 836 F.2d 1156, 1159 (9th Cir.1987) (quoting *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 830 (9th Cir.1986). The district court imposed sanctions on both grounds.

■ An objective standard of reasonableness is applied to determinations of both frivolousness and improper purpose. *Zaldivar,* 780 F.2d at 830–31.

■ With frivolousness, the key question is whether a pleading states an arguable claim. *Hudson,* 836 F.2d at 1159. As discussed above, the district court correctly found Meridian's allegations and claim of a right to indemnity and contribution to be groundless in the context of a third-party complaint, and that even a cursory review of the applicable law on third-party practice would have revealed this to Meridian. On this basis alone we could affirm the district court's imposition of sanctions.

■ However, even more disturbing to the district court was its determination that Meridian had filed the third-party complaint for an improper purpose. Specifically, the district court made a factual finding that Meridian had unnecessarily delayed and multiplied the proceedings by filing a contrived third-party complaint in which it sought to establish sufficient contacts with Oklahoma in order to induce the district court to transfer.

Clearly the history of the various motions filed by Meridian, as well as the lack of merit to the third-party complaint, supports the proposition that the third-party complaint was pretextual. Meridian had disputed jurisdiction and service for two years. It filed a nearly identical action against Liberty in Oklahoma, moved to transfer the California action filed by the Stewart group, and filed its third-party complaint while its motion to transfer was pending. This is precisely the type of "harassment" that Rule 11 proscribes. *See, e.g., Zaldivar,* 780 F.2d at 832, n. 10.

A major purpose of the 1983 amendments to Rule 11 was to enable district courts to deter dilatory or abusive pretrial tactics and to streamline litigation. *See, Golden Eagle,* 801 F.2d at 1536 (discussing views of advisory committee members). It is true, as this Court has noted, that sanctions should not be used to "chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." *In re Yagman,* 796 F.2d 1165, 1182, *amended,* 803 F.2d 1085 (9th Cir.1986), *cert. denied,* —— U.S. ——, 108 S.Ct. 450, 98 L.Ed.2d 390 (1987) (quoting Fed.R.Civ.P. 11 advisory committee's note, 1983 amendments, *reprinted* in 97 F.R.D. 198, 199 (1983)). We are prepared, however, to draw the line between creative lawyering and abuse of the judicial process. Here, the process was abused.

■ The final step in our analysis is to determine whether the district court's award of attorneys' fees constituted an abuse of discretion. Liberty requested $13,147.26 and Transworld requested $6,092.55. After examining each third-party defendant's declaration of fees incurred, the district court awarded Liberty $6,000.00 and Transworld $3,000.00. The district court considered that although the

full amounts requested appeared to be reasonable, a lesser amount was sufficient to get the attention of Meridian and deter it from further abuses. The imposition of sanctions was well within the sound discretion of the district court.

## CONCLUSION

We affirm the district court's dismissal of Meridian's third-party complaint. We also affirm the district court's finding that Meridian violated Rule 11, both on the frivolousness and improper purpose underlying the third-party complaint.

AFFIRMED.