Veloy J. VIGIL, et al., Plaintiffs,

v.

Herman FINESOD, et al., Defendants.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSUBRGH, PA., Plaintiff,

v.

Veloy J. VIGIL, Defendant.

Civ. Nos. 87–1365 JP/WWD, 89–0927 SC.

United States District Court, D. New Mexico.

Nov. 2, 1990.

Michael J. Aguirre, Aguirre & Meyer, Albuquerque, N.M., Susan Julia Ross, Natelson & Ross, Taos, N.M., William C. Herring, Aguirre & Meyer, San Diego, Cal., Craig D. Joyce, Walters & Theis, Denver, Colo., for plaintiffs.

Robert J. Perry, Perry & Windels, New York City, Alexis H. Johnson, Marshall & Associates, Albuquerque, N.M., Walter J. Melendres, Montgomery & Andrews, Santa Fe, N.M., John M. Eaves, Eaves, Bardacke & Baugh, Albuquerque, N.M., Phil Krehbiel, Keleher & McLeod, Albuquerque, N.M., John D. Phillips, Hall & Evans, Denver, Colo., J.D. Phillips, Keleher & McLeod, Albuquerque, N.M., for defendants.

## ORDER

PARKER, District Judge.

The subject of this Order is the recommended disposition of the United States Magistrate set forth in his Memorandum Opinion entered October 30, 1990. Having made a *de novo* review and being otherwise fully advised of the circumstances I find that the magistrate's recommended disposition should be adopted, that the settlement agreement between plaintiffs and the Friedman and Shaftan group of defendants should be approved as a good faith settlement, and that the claims of the non-settling defendants against the Friedman and Shafton defendants for contribution and/or indemnity should be barred.

IT IS THEREFORE ORDERED that:

1. The recommended disposition of the United States Magistrate is hereby adopted, and

2. The settlement agreement between plaintiffs and the Friedman and Shafton group of defendants is hereby approved as a good faith settlement under federal and state laws barring all claims by the non-settling defendants against the Friedman and Shafton defendants for contribution and/or indemnity.

## MEMORANDUM OPINION

WILLIAM W. DEATON, United States Magistrate Judge.

The subject of this Memorandum Opinion is a proposed settlement between the Vigil plaintiffs and one group of defendants, the Friedman and Shaftan defendants. Some review is necessary.

Plaintiffs Veloy J. Vigil and Helen Vigil purchased limited partnership interests in defendant Barclays Leasing–II Limited Partnership with $53,000 in cash, plus two promissory notes each in the amount of $35,100, and the undertaking by plaintiffs of certain contingent liability in the amount of $315,774. National Union Fire Insurance Company (National Union), contract guarantor of the promissory notes, paid one of the notes plus interest; and has sued plaintiffs for that payment. Plaintiffs also have claims against National Union. The cases have been consolidated. Plaintiffs' second note together with accrued interest was paid by Barclays Partnership to the assignee of the note. Plaintiffs claim that the limited partnership interests were sold to them by defendants Vaughan and Potter pursuant to a Private Offering Memorandum and tax opinion prepared by defendant attorneys Friedman and Shaftan. Plaintiffs' complaint alleges violation of state and federal securities law by all defendants, professional malpractice and negligence by the Vaughan and Potter defendants and the Friedman and Shaftan defendants, and common law fraud and racketeering against all defendants except National Union.

Plaintiffs propose to settle their claims against defendants Friedman and Shaftan, P.C., Wilford T. Friedman, Michael E. Green, and Marsha Shaftan, as executrix of the estate of Robert T. Shaftan, deceased ("the Friedman and Shaftan defendants"). By the terms of the proposed settlement, plaintiffs would receive $25,000 in cash from the Friedman and Shaftan defendants, and those defendants would cooperate with plaintiffs in certain discovery. If the settlement were consummated, the lawsuit against the Friedman and Shaftan defendants by the Vigils would be dismissed. By its own terms, the settlement agreement does not become effective until "the Court has entered an order determining that this settlement constitutes a 'good faith' settlement under federal and state laws barring all claims for contribution and/or indemnity or otherwise by codefendants."

**524**

■ Defendants G.G. Alan Vaughan, G.G. Alan Vaughan, P.C., Vaughan and Potter, and National Union raise objections to the proposed settlement between the Vigils and the Friedman and Shaftan defendants which I summarize as follows:

1. The settlement procedure sought to be used does not exist in this circuit.

2. The proposed amount of settlement is inadequate.

3. The proposed settlement is inequitable.

4. The settlement is premature and more discovery is required.

Additionally, the non-settling defendants argue that should the proposed settlement be approved as being made in good faith that any judgment against the remaining defendants should be reduced by the settling defendants' pro rata or percentage share of plaintiffs' damages, a so-called "proportionate rule." *See In re Sunrise Securities Litigation,* 698 F.Supp. 1256 (E.D.Pa.1988). Plaintiffs and the Friedman and Shaftan defendants advocate a *"pro tanto"* rule by which the amount of any settlement would be deducted from any judgment obtained against the remaining defendants. *See In re Terra–Drill Partnerships Securities Litigation,* 726 F.Supp. 655, 656 (S.D.Tex.1989). The proportionate rule is appropriate in this case.

*Authority to Approve Settlement Barring Contribution*

■ Defendant National Union contends that there is no law in the Tenth Circuit which would permit the court to approve a partial settlement and to impose a bar against contribution to the non-settling defendants by the settling defendants. I find no case reported from the Court of Appeals for the Tenth Circuit which would dictate such a result in this case. Cases reported in other circuits which have dealt with a "contribution bar" do so in a variety of contexts. *See Laventhol, Krekstein, Horwath,* and *Horwath v. Horwitch,* 637 F.2d 672 (9th Cir.1980); *Franklin v. Kaypro Corporation,* 884 F.2d 1222 (9th Cir.1989); *Miller v. Christopher,* 887 F.2d 902 (9th Cir.1989); *Singer v. Olympia Brewing Company,* 878 F.2d 596 (2d Cir.1989);

*Overseas National Airways Inc. v. United States,* 766 F.2d 97 (2d Cir.1985); *Kirkorian v. Borelli,* 695 F.Supp. 446 (N.D.Cal. 1988); *In re Nucorp Energy Securities Litigation,* 661 F.Supp. 1403 (S.D.Ca.1987); *Savic v. United States,* 689 F.Supp. 854 (N.D.Ill.1988); *In re Sunrise Securities Litigation,* 698 F.Supp. 1256 (E.D.Pa.1988); *In re Terra–Drill Partnership Securities Litigation,* 726 F.Supp. 655 (S.D.Tex.1989); *Gomes v. Brodhurst,* 394 F.2d 465 (3rd Cir.1967).

In *Alvarado Partners, L.P. v. Mehta,* 723 F.Supp. 540 (D.Colo.1989), Judge Babcock considered and rejected a proposed partial settlement for the reason, *inter alia,* that it required application of the *"pro tanto"* rule. He discussed the federal and state rules barring contribution in a partial settlement situation. *Id.* at 550–54. Relying on *Nelson v. Bennett,* 662 F.Supp. 1324 (E.D.Cal.1987), Judge Babcock found that he should adopt a uniform federal settlement contribution bar rule with respect to the federal law claims. He also went on to find that the Colorado state statute which would apply to those state contribution claims measured by the defendants' liability for violation of the Securities and Exchange Acts and the uniform federal rule he adopted barring contribution were consistent. Judge Babcock concluded that these claims seeking contribution could all be extinguished through the settlement contribution bar. Judge Babcock determined that he was unable to extinguish the pendant state cross claims of the non-settling defendants to the extent that those claims sought damages beyond those sought for violation of the Securities and Exchange Acts; however, he noted that he could decline to exercise pendant jurisdiction over such claims. 723 F.Supp. at 554. *Alvarado Partners* was treated as a class action and was considered under Fed.R.Civ.P. 23. Similar approaches have been applied in cases not involving a class action. *See In re Nucorp Energy Securities Litigation,* 661 F.Supp. 1403 (S.D.Cal. 1987); *Compare Miller v. Christopher,* 887 F.2d 902 (9th Cir.1989), *Gomes v. Brodhurst,* 394 F.2d 465 (3rd. Cir.1968).

Thus, in this case, a settlement barring contribution should be allowed.

*Adequacy of the Amount of Settlement*

 The fairness of a proposed settlement must be considered in the context of several factors; namely,

1. The lack of collusion.
2. The comparison of the settlement amount with likelihood of success and range of recovery at trial.
3. Defendants' inability to pay a greater amount.
4. The amount and nature of discovery and evidence.
5. The stage of the proceedings at which the settlements were achieved.
6. The future expense and likely duration of litigation.
7. The recommendation of experienced counsel.
8. The plaintiffs' need for relief.
9. The number and nature of objections.

*Kirkorian v. Borelli*, 695 F.Supp. 446 (N.D.Cal.1988), citing *Manual for Complex Litigation 2d* § 30.44 (1986), and other sources. The weight and relative importance of the enumerated factors will necessarily vary depending on the facts and circumstances of the particular case. *In re Washington Public Power Supply System Securities Litigation*, 720 F.Supp. 1379 (D.Ariz.1989). The listed factors are discussed below.

1. The lack of collusion.

I participated in settlement negotiations among the parties, and even though the proposed settlement was not reached during those discussions, it was suggested, and it was submitted as a proposal within a short time. I find that there is no evidence of collusion between the plaintiffs and the Friedman and Shaftan defendants or their respective counsel.

2. Comparison of settlement and possible trial recovery.

I find that a reasonable range of recovery at trial if the plaintiffs prevailed, would be from $100,000.00 to $400,000.00. In setting these figures I rely on suggestions by counsel at argument during the hearing before me on September 21, 1990, as well as my understanding of the parameters of the lawsuit. The likelihood of success by the plaintiffs in their claims against the Friedman and Shaftan defendants is not great. In a Memorandum Opinion and Order entered on February 6, 1990, Judge Parker addressed a pending motion to dismiss under Rule 9(b) by the Friedman and Shaftan defendants as follows:

The Motion to Dismiss ... is denied at this time, subject to reconsideration of the Rule 9(b) basis for the motion to dismiss Counts I, II, IV, and VI as to the Friedman and Shaftan defendants as of April 10, 1990, following discovery.

In the same Memorandum Opinion and Order, Judge Parker indicated that the aforementioned counts were "subject to dismissal under Rule 9(b) because of lack of particularity in pleading." Plaintiffs were given until April 10, 1990 to pursue discovery and then to amend the complaint so as to state their claims against the Friedman and Shaftan defendants with more particularity. Only limited discovery has been undertaken and no such amendment has been made. In a similar case involving Friedman and Shaftan, a dismissal pursuant to Rule 9(b) was granted. *Friedman v. Arizona World Nurseries Ltd.*, 730 F.Supp. 521 (S.D.N.Y.1990). Judge Parker has forecast such a dismissal. Plaintiffs also point out that extension of liability to persons in the position of Friedman and Shaftan under federal securities law has been put in doubt by a decision of the U.S. Supreme Court. *See Pinter v. Dahl*, 486 U.S. 622, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988). I find that the proposed partial settlement is adequate when measured against the likelihood of success. *Compare TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456, 461 (2d Cir.1982).

3. Defendants' inability to pay a greater amount.

The record is sparse on this question. Counsel for Friedman and Shaftan has represented that there are numerous claims against the insurance policies which might cover portions of Friedman and Shaftan's

liability if such liability were found. We have no record as to the personal estates of the Friedman and Shaftan defendants. For purposes of this determination, I make no finding as to their ability to respond in damages.

### 4. The amount and nature of discovery and evidence.

Certain document production has been made; however, a considerable amount of discovery would be necessary to develop the case against the Friedman and Shaftan defendants. Because of the shadow cast over these claims by the pending Rule 9(b) motion, and the *Pinter* and *Arizona World Nurseries* cases, the plaintiffs have been understandably reluctant to pursue discovery. Vaughan's belated contention that more discovery is now necessary is not convincing. There has been no reason why Potter and Vaughan could not have pursued discovery earlier if they felt it necessary. In the circumstances of this case, I find that more discovery is not necessary in order to determine the fairness and reasonableness of the proposed settlement.

### 5. Stage of the proceedings when settlement was achieved.

I will not attempt to detail the development of this lawsuit to date. Several matters should be considered in connection with the proposed settlement and I will address those. First is the probable Rule 9(b) dismissal of plaintiffs' claims against the Friedman and Shaftan defendants. Next is the fact that until the stay entered by Judge Parker on July 3, 1990, is lifted, there are no cross-claims by the Vaughan defendants against the Friedman and Shaftan defendants or any other defendants. Inspection of the *proposed* cross-claims by the Vaughan and Potter defendants against the Friedman and Shaftan defendants reveals that although the claims are set out as various causes of action, the damages which the Vaughan and Potter defendants seek are primarily grounded in the prospective damages which might arise in the event the plaintiffs prevailed at trial. Because liability at trial should be determined on the basis of "percentage of culpa-

bility", there should not be any right to either indemnification or contribution against the settling defendants. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1231 (9th Cir.1989). I do not address the possibility of a remnant crossclaim which might survive such a contribution-indemnification bar. Such speculation is not warranted when the cross-claims have not been allowed yet in any form. The proceedings would be simplified considerably if the proposed settlement is approved. Finally, I note the Joint Motion to Dismiss with Prejudice against Certain Defendants filed August 8, 1990, and the Order of Dismissal with Prejudice Against Certain Defendants entered by Judge Parker on August 10, 1990. The Settlement Agreement and Mutual Release between the plaintiffs and the Finesod and Barclays defendants was not conditioned on a court approval which would bar cross-claims for contribution and indemnity against the settling defendants. Plaintiffs received cancellation of a debt owed Barclays Reserve in the amount of $35,100.00 plus interest, and a release from any liability on a $315,774.00 Equipment Purchase Note. This is a major part of the relief sought by plaintiffs. Clearly, the case is in the process of resolution. There is no reason to impede this process.

### 6. Future expense and duration of the litigation.

This is a complex case. Eliminating certain parties through settlement will save attorney fees and discovery costs. Given the case's history, there is no reason to believe that it will be resolved expeditiously unless the parties work out a series of settlements. If the proposed settlement is not approved, the result will be a much more complicated and expensive course of litigation and there is no assurance that the final result will in any way be superior. The time and expense for additional litigation is not warranted under the circumstances.

### 7. The recommendation of experienced counsel.

I have set out above some of the reasons asserted by counsel in recommending the

proposed settlement. The recommendations are well grounded in fact. The recommendations are made in good faith by experienced counsel. The recommendations of counsel for plaintiffs and counsel for the Friedman and Shaftan defendants are reasonable and should be accepted.

8. The plaintiffs' need for immediate relief.

This lawsuit was filed November 3, 1987. Plaintiffs have incurred attorney fees in six figure amounts. Depositions in New York are presently scheduled which will add considerably to both the attorney fees and expenses of the plaintiffs. The plaintiffs need immediate relief.

9. The number and nature of objections.

I have previously discussed, either explicitly or implicitly, the objections made by the non-settling defendants. The objections are not well taken, and they should be denied.

### Recommended Disposition

I recommend that the settlement agreement between plaintiffs and the Friedman and Shaftan defendants be approved as a "good faith" settlement under federal and state laws barring all claims by the nonsettling defendants against the Friedman and Shaftan defendants for contribution and/or indemnity or otherwise as permitted. Additionally, at trial, I recommend application of the "proportionate rule" for determining the amount of any judgment against nonsettling defendants. *See In re Sunrise Securities Litigation,* 698 F.Supp. 1256 (E.D.Pa.1988); *Alvarado Partners, L.P. v. Mehta,* 723 F.Supp. 540, 552–553 (D.Colo. 1989).